IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

STEVEN OSMAN,

    PLAINTIFF

    vs

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER JAMEL
HASKINS, Shield # 03648,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES" and "MARY ROWES",
all of the identified and non
identified persons in their
individual and in their official
capacities,

    DEFENDANTS
_____

07 Civ 6724(SHS)(JCF)
COMPLAINT JURY TRIAL]

## I.   INTRODUCTION

1. This litigation arises out of the Plaintiff's arrest on April 25, 2007 at or about 4:30 P.M. while standing at the MetroCard disposal box at the Southbound # 1 train platform side at 60th Street and Broadway [Columbus Circle station], his subsequent custodial detention, the preferral of criminal charges against him associated with his arrest, and the subsequent dismissal of the charges on June 28, 2007.

2. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3. The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5. The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction. The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

6. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

8. The Plaintiff is an American citizen and resident of the County of Suffolk, the State of New York.

9. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10. Defendants Jamel Haskins, Shield # 03648 and "John Does" and "Mary Rowes" are New York City Police Officers and agents and employees of the City of New York. Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's

rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

11.  This is a litigation which arises out of the Plaintiff's arrest on April 25, 2007 at or about 4:30 P.M. while standing at the MetroCard disposal box at the Southbound # 1 train platform side at 60th Street and Broadway [Columbus Circle station].

12.  The Plaintiff is a resident of Riverhead, Suffolk County, Long Island, New York.

13.  The Plaintiff is forty seven [47] years of age. The Plaintiff's birth date is January 15, 1960.

14.  The Plaintiff resides in Riverhead, Long Island, New York 11901. He resides thereat with his mother and with his younger brother.

15.  The Plaintiff has resided at the fore-going address since his early childhood.

16.  At present the Plaintiff is employed as an associate at the law firm of Corbett & Rebak, Esqs., 250 West 57th Street-Suite # 803, New York City, New York 10019.

17.  The Plaintiff has been a full time associate at the firm since September, 1996. The Plaintiff is an immigration law specialist.

18.  The Plaintiff is a 1988 graduate of the City University of New York Law School at Queens with a JD degree.

19.  The Plaintiff was admitted to the bar of the State of New York, in the Second Department, on March 7, 1990.

20.  The Plaintiff has an Associates Degree from Suffolk County Community College in General Studies. He

received his Associates Degree in 1980. He has a Bachelor of Arts Degree in Political Science from the State University of New York at Stony Brook which he received in 1985; and he received a Master of Arts Degree in Public Affairs from the State University of New York at Stony Brook in 1986.

21. Until the incident which gives rise to this Notice of Claim, the Plaintiff had never, ever been arrested.

22. The incident which gives rise to this Notice of Claim commenced on April 25, 2007 when the Plaintiff was falsely arrested without probable cause as he was undertaking to ascertain the amount of monies on several MetroCards in his possession and to discard those with no monies on the MetroCards in the MetroCard Disposal Box at the location, the location being at 60th Street and Broadway inside of the subway but outside of the turnstile which provided access to the southbound # 1 train platform at that location.

23. As the Plaintiff was undertaking to do that as described in Paragraph # 12, two New York City Police Officers came up to him, one an African American male and the other a white female. It is believed that the African American male is Jamel Haskins, Shield # 03648, from the Precinct known as TD-01.

24. The Plaintiff was placed under arrest by Officer Haskins and handcuffed.

25. The Plaintiff was taken to the Transit Station at Columbus Circle and placed in a cell where he was held for several hours before he was, then, transported to Manhattan Central Booking and put through the system.

26. The Plaintiff appeared at an arraignment on April 26, 2007 at or about 3:00 P.M. where he was released on his own recognizance.

27. Thereafter, on April 27, 2007, the Plaintiff went back to the location and spoke with the station agent, Darryl, Shield # 13231.

28. The agent had seen what had transpired on April 25, 2007 and informed the Plaintiff that the Plaintiff did "nothing wrong".

29. In sum and substance, he expressed shock at the Plaintiff's arrest.

30. The agent had, on prior occasions, added value together of other MetroCards which the Plaintiff previously had so that the monies on any one of the MetroCards, when insufficient, could be added together to give a total value on one MetroCard.

31. The agent further stated that, if the police thought the cards were forged and invalid, they could have asked the agent to check on the cards and he would have done so and confirmed that they were cards that had been validly issued.

32. The Plaintiff was charged with possession of forged instruments in the form of multiple MetroCards although there was no basis whatsoever to believe that the Plaintiff had any forged MetroCard instruments in his possession at the time he was placed under arrest and was undertaking to ascertain whether or not he had any monies on the several cards in his possession and which he had accumulated over the course of time, something which he informed the Officers at the time of his arrest was the situation.

33. On June 28, 2007, the charges against the Plaintiff were dismissed by the Court on the Motion of the Plaintiff's counsel.

34. In connection with his arrest, the Plaintiff was frisk searched and fingerprinted.

35. It is believed that the Plaintiff was part of a New York City Police Department field operation which was undertaken by the police and which caused the Plaintiff to be arrested and taken into custody although the Plaintiff had not done anything which any reasonable person, including law enforcement agents, could have reasonably and objectively believed to have been criminal in nature.

36. There was no specific or particular information available to the police officers that the Plaintiff was engaged in any unlawful activity and he was arrested simply on a hunch and a speculation that, because he had numerous MetroCards and was undertaking to ascertain the amount of

monies, if any, on the MetroCards, he, therefore, was in possession of forged MetroCards.

37. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his stop, detention, and custodial arrest or the subsequent preferral of charges against him and all associated therewith including subjecting him to handcuffing and fingerprinting and the almost twenty four hour detention and his malicious prosecution.

38. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

39. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

40. There was no probable cause for the arrest of the Plaintiff. There was no basis, even, for a stop and detention.

41. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive detention and, associated with the arrest, excessive and unreasonable and unnecessary force in the form of his handcuffing; and the Plaintiff was otherwise subjected to malicious prosecution.

42. It is believed that the actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

43. Such crime offense enforcement initiative propels officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

44. The Plaintiff's was unlawfully stopped, detained, and falsely arrested and subjected to excessive detention and subjected to excessive and unreasonable and unnecessary force [in the form of handcuffing] and was subjected to malicious prosecution.

45. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

46. The actions, conduct, policies and practices, and custom violated the Plaintiff's rights under the laws and Constitution of the State of New York including the stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the excessive detention of the Plaintiff, the assault and battery of the Plaintiff [in the form of the handcuffing and the physical actions of taking the Plaintiff into custody], and the malicious prosecution of the Plaintiff.

47. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

48. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, and psychological trauma and physical pain and suffering.

49. The Plaintiff, who is an attorney and had never been arrested previously, is now compelled, as an attorney, to advise and inform and explain to authorities that he has been arrested and to then explain the circumstances of his arrest.

50. Because the Plaintiff now has a record of having been arrested, he is anxious and concerned and distress that such is a blot on his record and will now require the afore-described reporting and explanation.

51. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

## V.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

52.  The Plaintiff reiterates Paragraph #'s 1 through 51 and incorporates such by reference herein.

53.  The Plaintiff was falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

54.  The Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

55.  The Plaintiff reiterates Paragraph #'s 1 through 54 and incorporates such by reference herein.

56.  The Plaintiff was falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

57.  The Plaintiff suffered injuries and damages.

### C.  THIRD CAUSE OF ACTION

58.  The Plaintiff reiterates Paragraph #'s 1 through 57 and incorporates such by reference herein.

59.  The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

60.  The Plaintiff suffered injuries and damages.

### D.  FOURTH CAUSE OF ACTION

61.  The Plaintiff reiterates Paragraph #'s 1 through 59 and incorporates such by reference herein.

62. The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

63. The Plaintiff suffered injuries and damages.

### E.  FIFTH CAUSE OF ACTION

64. The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66. The Plaintiff suffered injuries and damages.

### F.  SIXTH CAUSE OF ACTION

67. The Plaintiff reiterates Paragraph #'s 1 through 66 and incorporates such by reference herein.

68. The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

69. The Plaintiff suffered injuries and damages.

### G.  SEVENTH CAUSE OF ACTION

70. The Plaintiff reiterates Paragraph #'s 1 through 69 and incorporates such by reference herein.

71. Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior</u>.

72. The Plaintiff suffered injuries and damages.

### H.  EIGHTH CAUSE OF ACTION

73.  The Plaintiff reiterates Paragraph #'s 1 through 72 and incorporates such by reference herein.

74.  The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

75.  The Plaintiff suffered injuries and damages.

### K.  ELEVENTH CAUSE OF ACTION

76.  The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77.  The Plaintiff was subjected to an assault and battery by the way of his physically being taken into custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

78.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

- [a] Invoke pendent party and pendent claim jurisdiction.

- [b] Award appropriate compensatory and punitive damages.

- [c] Award appropriate declaratory and injunctive relief.

- [d] Empanel a jury.

- [e] Award attorney's fees and costs.

- [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       July 24, 2007

Respectfully submitted,

/s/ James I. Meyerson_____
JAMES I. MEYERSON [JM 4304]
396 Broadway-Suite # 601
New York, New York 10013
[212] 226-3310
[212] 219-9412/FAX
ATTORNEY FOR PLAINTIFF
BY:_____